THE TOLEDO, WABASH AND WESTERN RAILWAY CO.

*v.*

JAMES C. MORRISON.

RAILROADS—*liable for damage occasioned by obstructing the natural flow of water.* A railroad company has no right, by an embankment or other artificial means, to obstruct the natural flow of the surface water, and thereby force it in an increased quantity upon the lands of another, and if it does so, it is liable for any injury that the owner of the land may sustain by reason thereof.

APPEAL from the Circuit Court of Christian county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Mr. G. B. BURNETT, for the appellant.

Messrs. MOULTON & CHAFFEE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by Morrison against the Toledo, Wabash and Western Railway Company, to recover damages for overflowing the land of the former with water. The complaint in the declaration is, that, previous to the construction of the defendant's railroad, the surface water that was accustomed to accumulate near the plaintiff's premises flowed and passed off in a direction from said premises, but not over and upon them; that since the construction of the railroad, by means of its embankment and ditches along its side, the surface water had been obstructed in its natural flow from plaintiff's premises, and wrongfully directed and turned, and caused to run for a great distance along the embankment towards a culvert under the road-bed near the plaintiff's land, and to pass through the culvert in largely accumulated quantities, and flow upon the land of the plaintiff, causing him damage. A verdict and judgment were rendered in favor of the plaintiff, and the defendant brings the case here by appeal.

It is assigned as error that the court below erred in giving and refusing instructions.

The court gave all the instructions asked by the plaintiff, and refused all those asked by the defendant.

The plaintiff's instructions were of the tenor of the following one of them:

"2. The court instructs the jury, for plaintiff, that the defendant has no right, by an embankment or other artificial means, to obstruct the natural flow of the surface water, and thereby force it in an increased quantity upon the land of another; that if the jury believe, from the evidence, that the defendant has, by an embankment or other artificial means,

obstructed or diverted the natural flow of the surface water, so as to force an increased quantity upon plaintiff's land, then the defendant is liable for the injury that the plaintiff has sustained by such acts of the defendant."

The following is one of the refused instructions asked by the defendant, the others being of a similar character :

"The law is, that when a railroad company builds its railroad in a proper and skillful manner, and the owner of adjacent land is injured thereby, he can not recover damages for such injury ; he can only recover where his injury results from the unskillful or negligent manner of building the road. And, in this case, unless the plaintiff has shown, by a preponderance of evidence, that the road of defendant was built in a negligent or unskillful manner, and that he has been damaged by reason of such negligence or unskillfulness in the construction of said road, the jury will find for the defendant."

The railroad was constructed in 1869. The damages recovered for, were for the years 1870 and 1871, so that the question as to the propriety of the instructions is to be considered irrespective of the provision of the constitution of 1870, section 13, article 2, that "private property shall not be taken or damaged without just compensation"—the road having been built and a portion, at least, of the damages having accrued prior to the adoption of that constitution.

There is no question of negligence or unskillfulness in the construction of the road, in the case. The plaintiff's instructions do not make that a requisite for recovery. The defendant introduced evidence that the road was constructed in a prudent and skillful manner. Plaintiff offered no evidence upon the subject. There is nothing in the charter of the company, or in any general statute of the State, making the company liable for necessary consequential damages to land

near its track, but no part of which is taken by it for any purpose.

Appellant's counsel cites numerous authorities, to the effect that, in such case, necessary consequential damages are never recoverable from a railroad or other improvement company, for the proper construction or maintenance of their works, made under the authority of a legislative grant; that such acts, being done under legal sanction, can not afford a ground for an action; that it is only negligence or unskillfulness in the exercise of the authority, that will do so.

That class of authorities came under the consideration of this court in *Nevins* v. *City of Peoria,* 41 Ill. 502. After a review of the cases, the court there say : " Thus the cases divide themselves into two classes, one, and the larger class, holding that a city is only held to reasonable care and skill in grading its streets, and that if these are used, it can shield itself under its corporate powers from liability to individuals; the other holding that a city, in the management of corporate property, must be held to the same responsibilities that attach to individuals for injury to the property of others. We can not doubt that the latter is the sounder rule."

The city, there, was held liable for diverting, in the work of the grading and drainage of a street, the natural flow of water, and turning it upon the plaintiff's premises. It was held that, as an individual, in the exercise of the right of improving his own land, had no right to turn a stream of water upon the land of another; so, neither had a corporation such right, under its charter. The constitutional guaranty, that private property shall not be taken or applied to public use without just compensation being made, was held to apply; and that the owner, to the extent to which he was deprived of the legitimate use of his property, should be paid. The city, there, had the same legislative authority to improve its streets, that this company had to build its road, so that the cases are alike, as respects the claim of legal sanction for the acts done. We regard the present case as falling within

the principle there declared, and that we need do no more than refer to that, and subsequent cases which have followed it, as governing the decision of the present case. *City of Aurora* v. *Reed et al.* 57 Ill. 29; *City of Pekin* v. *Brereton et al.* 67 id. 477.

*Gilham* v. *Madison Co. R. R. Co.* 49 Ill. 485, and *Gormley* v. *Sanford*, 52 Ill. 158, are cases denying the right, by an embankment or other artificial means, to obstruct surface water in its natural flow, and thus throw it back upon an upper proprietor.

We must hold that, under the previous decisions of this court, there was no error in the giving or refusing of instructions.

We find no reason for disturbing the judgment on the ground that the verdict was not sustained by the evidence.

The judgment is affirmed.

*Judgment affirmed.*