# Chicago and Western Indiana Railroad Company

*v.*

# Enos Ayres.

*Filed at Ottawa May 10, 1883.*

1. **Eminent domain**—*damages to property not taken—of the right in respect thereto.* The right to recover damages for injury to private property occasioned by the taking of other property for public use, if not conferred, is secured by section 13, article 2, of the constitution. Property taken for a railroad, or damaged by the construction and operation of a railroad, is taken or damaged for a public use, the public having an interest in railway corporations.

2. **Same**—*construction of railway tracks on a public highway—right of adjacent owners to recover damages occasioned thereby—and of the elements of damage.* Where railway tracks are constructed in a public highway on ground thrown up considerably above the common level, under proper license, in front of a person's tract of land, whereby he is cut off from access to and egress from the same, it was *held,* in an action by the owner

against the railway company to recover damages, that he could not recover for any injury or damage he thereby sustained in common with the public generally, but might recover for any damages he may have sustained individually in respect to his private property, separate and distinct from the disturbance of the public easement.

3. Under section 13, article 2, of the constitution, a recovery may be had in all cases where private property has sustained a substantial damage by the making and using of an improvement that is public in its character, as, a railway, and it is not required that the damage shall be caused by trespass, or an actual physical invasion of the owner's real estate; but if the construction and operation of a railroad or other public improvement is the cause of the damage, though merely consequential, the party damaged may recover. Depreciation in the value of land fronting on a highway, caused by obstructing access to it, is a proper element of damages.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. CHARLES M. OSBORN, for the appellant:

There are many injurious consequences of the construction of a railroad on a public street that result to adjoining property, for which the owner of the property is not entitled to recover. *Stone* v. *Fairbury, Pontiac and Northwestern R. R. Co.* 68 Ill. 394; *City of Shawneetown* v. *Mason,* 82 id. 387; *Rigney* v. *City of Chicago,* 102 id. 64.

In an action brought to recover for the consequential damages to adjoining property from the construction and operation of a railroad in a public street, the general depreciation in the value of the property caused thereby is not the proper measure of damages, but the measure of damages should be limited to those injurious effects of the construction of the railroad which are specifically set forth in the declaration, and to such of those as are actionable. *Chicago, Burlington and Quincy R. R. Co.* v. *McGinnis,* 79 Ill. 272; *Chicago, Milwaukee and St. Paul R. R. Co.* v. *Hall,* 90 id. 42; *Chicago and Eastern Illinois R. R. Co.* v. *Hall,* 8 Bradw. 624; *Chicago and Western Indiana R. R. Co.* v. *Berg,* 10 id. 624.

When the property which is alleged to have been damaged by the construction of the railroad is a vacant, unimproved and unoccupied piece of land, the plaintiff, as in all other cases, must prove that real, actual injury has been done to it, as charged in the declaration, and the measure of damages must be the actual depreciation in the value of the property, caused by those real, actual injuries alone which the evidence offered shows it has suffered from the actionable causes stated in the declaration; and the general depreciation in its value from all causes, whether actionable or not, is an improper measure of damages.

Mr. H. O. McDaid, for the appellee:

The construction and operation of appellant's railroad caused physical damages to appellee's property, for which he was entitled to recover a just compensation, under our present constitution. *Story* v. *New York Elevated R. R. Co.* 3 Abbott's N. C. 478.

An action lies for flooding lands, (*Nevins* v. *Peoria*, 41 Ill. 511, *Toledo, Wabash and Western Ry. Co.* v. *Morrison*, 71 id. 616,) or casting smoke, ashes and cinders thereon. (*Rigney* v. *Chicago*, 102 Ill. 64.) Also, for constructing a railway upon a street where, as in this case, the abutting proprietor owned the street, subject to the public easement. *Indianapolis, Bloomington and Western R. R. Co.* v. *Hartley*, 67 Ill. 439.

As to the meaning of "physical damages," and "direct physical damages," see *Stone* v. *Fairbury, Pontiac and Northwestern R. R. Co.* 68 Ill. 394; *Chicago, Milwaukee and St. Paul R. R. Co.* v. *Hall*, 90 id. 41; *Cleveland* v. *Citizens' Gas Light Co.* 20 N. J. Eq. 205; *Wahle* v. *Reinback*, 76 Ill. 326.

The plaintiff, by his action, in effect consents that the burden may be imposed on his land forever. *J. M. & I. R. R. Co.* v. *Esterle*, 13 Bush, 638; *Central Branch Union Pacific R. R. Co.* v. *Andrews*, 26 Kan. 711; *Decatur Gas Co.* v. *Howell*, 92 Ill. 19.

In cases of this character it is not competent to compel proceedings under the Eminent Domain act.   *Stetson* v. *Chicago and Eastern Illinois R. R. Co.* 75 Ill. 75.

There being no remedy under the statute of eminent domain, the person whose property is injured is compelled to bring a common law action.   Cooley's Const. Lim. 543; *Eaton* v. *Boston Ry. Co.* 51 N. H. 404; *City of Elgin* v. *Eaton,* 83 Ill. 536; *Grand Rapids and Indiana R. R. Co.* v. *Heisel,* 47 Mich. 393.

Mr. Justice Walker delivered the opinion of the Court:

Appellant obtained permission from the authorities of the town of Lake for the purpose of constructing its railroad in a public road or street of the town, which was sixty-six feet in width. It was designated as Wallace street. Appellee owned a tract of ground, originally ten acres, but by sales reduced in quantity to about seven and one-half acres. It fronted upon, and was bounded by, Forty-ninth street on the north, and Wallace street on the east, and the road ran in front of this property for a distance of three hundred and forty-two feet, and then deflected on other lands. Wallace street, prior to this time, was traveled and used as a common country road, for general travel. In 1879 appellant constructed a single track along this road in the front of this property, and in 1880 the company put in another track by the side of the other, and raised the road about a foot and a half, and the edge of the track in front of appellee's land was about five feet west of the center of the street, thus leaving about twenty-eight feet between the railroad track and the front of appellee's land, and the track was about two and one-half feet above the common level. The land of appellee had been fenced, but the fences had gone to decay, and it was practically vacant. There was, however, a person who had built a cattle pen on it, and used the same for confining his cattle, and he pastured them on the land, and appellee

requested that person to hold the possession for him. In August, 1881, appellee sold from the north end of his ten-acre tract a strip one hundred and twenty-four feet in width, for right of way, to the Chicago and Grand Trunk railway, and prior to the commencement of this suit that company had laid a track, and was operating it, on this strip, thus cutting off appellee's access to Forty-ninth street. Thus he was left with about seven and one-half acres at the time he brought this suit, in September, 1881. The action was case, and he averred in his declaration that he owned in fee; that appellant "wrongfully, injuriously and unjustly entered upon Wallace street, directly in front of plaintiff's property, and constructed railway tracks directly in front of plaintiff's property, and has operated the same with engines, cars, etc., and caused ashes, dust, smoke, cinders, fire, sparks, and other noxious and unhealthy substances, to be thrown on the land, etc., and that by means of the construction and maintenance of the railroad tracks and obstructions on the street, access to and from appellee's property is cut off, and the use of the street is destroyed as a public highway, and appellee is denied the use thereof, and prevented the ordinary use thereof in front of his property." A trial was had by the court without a jury, by consent. After hearing the evidence, the court found for the plaintiff, assessed his damages at $3000, and after overruling a motion for a new trial, rendered a judgment in his favor for that sum. The case was removed to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, and the case is brought to this court by appeal.

The right to recover damages for the injury to private property, occasioned by the taking of other property for public use, if not conferred, is secured by the 13th section of article 2 of our constitution. It provides that "private property shall not be taken or damaged for public use without just compensation." It then follows, that if this

property was damaged for public use, the constitution secures and requires compensation for the damages sustained. Whatever may have been formerly held, railroads, although constructed, owned and operated by private capital, talent and enterprise, are chartered for public, and not alone for private, use. Corporations are never created for private purposes alone, but to promote the public welfare. Whilst advancing the public good, they are expected to promote the private interests of the persons owning and operating them. But the primary purpose is to advance the public interest. If it was not for this public character of these railway corporations, there would not be the shadow of a pretense that the legislature could confer upon such organizations the power to exercise one of the very highest attributes of sovereignty,—the power of eminent domain, to condemn property, and take from and deprive the owner of its use. It would be monstrous and unheard of to hold the legislature has the despotic power to condemn one man's private property, simply to give it to another for his private use. No person acquainted with and attached to our form of government will ever contend for so monstrous a doctrine.

It then follows, that railways are constructed for public use, and the General Assembly being charged with the passage of all laws for the common welfare, must, unless prohibited by the organic law, determine what measures are for the general welfare and public use. Had not this principle been invoked, no railroad ever built in this State could ever have condemned a foot of land for right of way, depot grounds, or other purposes, or condemned material for their construction; and if the principle did not exist, no condemnation could be made in the future by these or other corporate bodies. This railway having been constructed, it must be presumed that it was under a sufficient charter, and if so, we must conclude it was for the promotion of the public interest, and to subserve public demands. It then follows, that if

appellee's land was damaged by the construction of this road it was damaged for public use, and if so, he is entitled to recover just compensation commensurate with the extent of the damages he has sustained. Nothing short of full compensation would be just, and the constitution imperatively demands that just compensation shall be made to the injured party. What elements of the injury shall be adopted as the foundation of the damages has been the source of some perplexity and doubt, and has led to some confusion in the reported cases. Nor has this court been free from these vexations and uncertainties. Like the introduction of new rules changing and governing the rights of property into the fundamental law or a statute, their scope and ultimate operation on the rights conferred or limited are not always apparent when first presented for determination.

It is urged that it is not all damages that are sustained by reason of the construction of a railway that can be recovered by a person claiming to be injured,—that such damages as are shared by the public generally are of that character. This is, no doubt, true, in a limited sense, and is illustrated by the facts in this case. The public is always injured by the appropriation or the crossing of a highway by a railway, but no one person can recover for this general public inconvenience or damage, because that was a damage to a right held by the public in common, and no one individual can recover for injury or inconvenience to the general public. In such a case an individual, to recover, must show that he has sustained an injury, and been damaged specially and individually, in a manner not common to the public, or by the injury to the right or easement enjoyed by the public on being deprived of or incommoded in its use and enjoyment as a public right or easement. Here it would seem that the general public, if not deprived of they are greatly injured in the use of the road as a public highway by the construction and operation of this railroad in the public highway, and

for that public damage or inconvenience appellee had no
right to recover, nor do we find any claim on his part to
so recover, nor was there any evidence introduced from or
under which such damages could have been allowed. We
must, therefore, consider the case freed from such an ele-
ment of damages, as it is not in the case. But the doctrine
is well recognized in this court, that if, in the erection of
such structures, an individual has sustained damages there-
from individually, separate and distinct from the disturbance
of the public easement,—an injury to his private property
amounting to a substantial damage,—he may recover com-
pensation for the damages thus sustained. It therefore fol-
lows, that as appellee has sustained this injury he rightfully
recovered.

Numerous cases have been referred to on each side to
sustain their several positions. It is needless to say our
decisions have not been harmonious on this question, but in
the case of *Rigney* v. *City of Chicago,* 102 Ill. 64, there was
a full review of the decisions of our courts, as well as the
courts of Great Britain, under a statute containing a provi-
sion similar to the provision in our constitution. The con-
clusion there reached was, that under this constitutional
provision a recovery may be had in all cases where private
property has sustained a substantial damage by the making
and using an improvement that is public in its charac-
ter,—that it does not require that the damage shall be
caused by a trespass, or an actual physical invasion of the
owner's real estate, but if the construction and operation of
the railroad or other improvement is the cause of the dam-
age, though consequential, the party damaged may recover.
We regard that case as conclusive of this question. The
case of *Pittsburgh and Fort Wayne R. R. Co.* v. *Reich,* 101
Ill. 157, is in point on this question of damages, and the
case of *City of Chicago* v. *Union Building Association,* 102 Ill.
379, also reviews the authorities, and approves the doctrine

of *Rigney* v. *Chicago, supra.*   These cases, therefore, overrule the doctrines of the earlier cases.

From what has been  said it will be seen that the declaration contained an averment that warranted the  evidence on this question, and the finding of damages under the averment. The *allegata* and *probata* agree, and the law warranted both. There was, therefore, no error in  the admission of  evidence to show that the building and operation of the road, and the obstruction of the access to the property, depreciated its value, and the owner had thus sustained damage by the structure ; and in this view of the case there was no error in the court modifying the ruling on the question of law it was requested to make.

Perceiving no error in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

106   519
30a  563
30a  644

106   519
135   262

106   519
153   453

106   519
165   427
166   195

106   519
71a  380

106   519
75a   72

106      519
102a   306

106      519
e114a³594