## Atchison, T. & S. F. Ry. Co. v. Pratt.

1. RAILROADS—*Embankments—Construction— Damages.*—Where a railroad company constructed an embankment for railroad purposes in front of a lot and made it necessary to construct a new approach to the street, which obstructed the entrance to the lot, the company is liable for the injury resulting therefrom, although the improvement is confined entirely to the street and the approach is constructed in compliance with a legal duty resting upon the company.

2. TRIALS—*Sending Jury out to View the Premises.*—The practice of sending the jury out to view the premises in proper cases, has the sanction of both the Appellate and Supreme Courts.

3. REMITTITUR.—Upon a motion for a new trial, the trial court may require a remittitur of such sum from the verdict as he thinks is in excess of the true amount.

4. ESTOPPEL.—An owner of the property abutting upon a street which had been taken possession of by a railroad company, which had constructed embankments thereon for the purpose of its business, requiring new approaches to the street, is not estopped from claiming damages because of his consent to the building of a new sidewalk to take the place of an old one torn away to make room for the improvements. It would be otherwise, if upon his insistence or suggestion, the sidewalk was so constructed as to be the cause of the injury, without which it would have been so constructed as to leave the property uninjured by reason of the track improvements.

Memorandum.—Action for damages.   Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.   Heard in this court at the May term, 1893, and affirmed.   Opinion filed December 12, 1893.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, HALEY & O'DONNELL AND EDGAR A. BANCROFT, ATTORNEYS.

Plaintiff, not being the owner of the street, can not recover for any injury to the street.   She suffers in common with the general public.   She can not recover by reason of the depreciation of her property from the location or extension of a railroad in any public street in the absence of any physical injury to the property.   C. & E. I. R. R. v. Hall, 8 Brad. 624.

The plaintiff can recover nothing for any damages to or depreciation in value of her property, which is suffered in common with the property of the general public in that vicinity. Neither is she " entitled to any compensation for the new use of the street." Stetson v. C. & E. R. R. Co., 75 Ill. 74; Pekin v. Winkel, 77 Ill. 56.

APPELLEE'S BRIEF, EGBERT PHELPS, ATTORNEY.

All the evidence in this case shows that the new approach, requiring the raising of the street in front of appellee's property to her damage, was made necessary by appellant's own act in the moving of its track and road bed east to York avenue, of which act appellant should not be allowed to take advantage. Whether such moving was legal or not, the law, under our present constitution, is that no such action can be taken to the damage of private property without compensation. Stone v. Fairbury, etc., R. R. Co., 68 Ill. 394; City of Pekin v. Winkel, 77 Ill. 56; Rigney v. Chicago, 102 Ill. 64; Chicago & W. I. R. R. Co. v. Ayres, 106 Ill. 511; Lake Erie & W. R. R. Co. v. Scott, 132 Ill. 429.

The court did not err in allowing the jury to inspect the premises. Springer v. Chicago, 135 Ill. 561; Atchison T. & S. F. R. R. Co. v. Schneider, 127 Ill. 149.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action on the case by appellee, to recover damages as owner and occupant of lot two, block six, in Canal Trustees' subdivision of the city of Joliet, resulting from the construction and enlargement of an embankment for railroad purposes, upon a street in front of it.

There are two counts in the declaration. The first alleges that by reason of the construction and maintenance of the embankment, access to the plaintiff's property is cut off and her use of the street as a highway is destroyed.

The second count alleges that the embankment diverted water from natural drainage, and caused it to accumulate so

as to render the property unsafe and unhealthy for a residence.

The case was tried by a jury, who, in addition to hearing the evidence, personally inspected the premises. They returned a verdict for the plaintiff, and assessed her damages at $700. A remittitur of $200 was entered. The court overruled a motion for a new trial, and rendered judgment against the defendant for $500 and costs.

The evidence shows that appellee's lot fronts on York street, in Joliet, and that it is the only street to which she has access. Some years ago the Joliet, Aurora and Northern Railway Company built a "T connection" with the Michigan Central Railroad, from its tracks west of York avenue diagonally across the avenue in front of appellee's lot. Appellant leased the track west of York avenue and the "T connection," and in 1891, moved the track and road bed, crossing York avenue from five to six feet nearer appellee's lot. It sufficiently appears to us, from the evidence, that great damage was thereby occasioned to appellee. The jury who heard the witnesses and viewed the premises, were of the opinion that she was damaged $700, while the court was of the opinion that she was damaged $500. We shall not, in this opinion, review the evidence for the purpose of demonstrating that she was damaged, or that no greater amount was allowed than she was entitled to.

Much is said about a quit-claim deed executed by appellee and her husband to the Michigan Central Railroad Company in 1884, to a triangular strip of ground taken from lot one, in the same block, across which the connecting "T" passes, and it is insisted that all damages of which appellee in this case offered evidence, were paid for by appellant's grantor in that transaction, and released by appellee. We are unable to take that view. The Michigan Central Railroad Company does not appear to be appellant's grantor. The quit-claim deed was for a strip of ground in which appellee, at the time, had no title or interest, and was entirely distinct from the lot now owned by appellee and for the injury to which damage is claimed. The damage sued for

results from extending the embankment five or six feet further into York avenue, toward lot two.

It is contended that the injury, if any, depriving appellee from access to the street, resulted from the exercise upon the part of appellant of a legal right and the performance of a legal duty in the construction of a proper approach to a track. If the extension of the embankment toward appellee's property made it necessary to construct a new approach, which obstructed the entrance to the lot, then appellant would be liable for all injury resulting therefrom, although the improvement was confined entirely to the street, and the approach constructed in compliance with a legal duty resting upon it. City of Pekin v. Winkel, 77 Ill. 56; C. & W. I. R. R. Co. v. Ayres, 106 Ill. 511.

We do not think, as contended by counsel for appellant, that appellee is estopped from claiming damages because of her consent to the building of a new sidewalk to take the place of the old one torn away to make room for the improvement. This could only be on the evidence showing that the injury was occasioned by the particular manner in which the sidewalk was constructed. If upon her insistence or suggestion, the sidewalk was so constructed as to be the cause of the injury, while it could have been so constructed as to leave the property uninjured by the track improvement, then would she of course be estopped. But the evidence does not so show.

It is contended that the court erred in sending the jury out to view the premises. Such a practice has the sanction of this court and the Supreme Court. Springer v. City of Chicago, 135 Ill. 552; City of Savana v. William Loop, opinion filed at May term, 1893.

It was not error for the court to require a remittitur of $200 from the verdict to be entered, as has been repeatedly held by this court and the Supreme Court.

We see no substantial error of the court in passing upon the instructions or an error in the case that would warrant us in reversing the judgment. Judgment affirmed.