### Illinois Central R. R. Co. v. Edward Wolf.

1. RAILROADS—*Obstructions by Switches in Public Streets.*—Where a railroad company in the construction of a switch in a public street in front of residence property causes an obstruction to the ingress and egress, and the owner of such property is individually damaged thereby, he is entitled to recover damages for such obstruction.

Trespass on the Case, for obstructing a right of way. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

GUSTAVUS A. KOERNER and VICTOR K. KOERNER, attor-neys for appellant; JOHN G. DRENNAN, of counsel.

BARTHEL & FARMER, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Appellee is the owner of lots No. 14, 16, 18, 20, 22 and 24 in the village of Freeburg. The lots adjoin and form one-half of a block, each having a frontage of fifty feet on High street and run back to an alley. The half block is bounded on the north by Phillips street and on the east by High street. The house is a brick house used as a residence by appellee, standing on lot 14, fronting Phillips street, with the gable end fronting High street. High street is fifty feet wide. In 1869 a railroad track was constructed in the center of High street. After its construction, the grantor of appellee continued to use that portion of High street lying between the track and the lots above described, as a means of ingress and egress to and from his premises. When appellee purchased the premises he had a thoroughfare between his property and the railroad track of twenty-two feet. This thoroughfare was open to him and the public in general until January, 1900, when the defendant company extended its switch from a point fifty feet north of the north line of Phillips street, and along appellee's property on High street two hundred feet. Appellant made a fill between its main track and appellee's property of from two to four feet, upon which the switch complained of was laid, the base of the filling or embankment being about three feet from appellee's property. The evidence tends to prove that the spaces between the rails and the ends of the ties of the switch are not filled in, so that that portion of High street lying between the main track and plaintiff's premises can not now be used for travel, and that appellee's driveway or means of ingress or egress to and from his property on High street is thereby destroyed.

There are two counts in the declaration; the first count, after the proper inducements, charges in substance that appellant on, to wit, the 5th day of January, 1900, wrong-

fully and unjustly raised and constructed an embankment
with a railroad track and switch thereon, to wit, along said
High street in front of plaintiff's residence, to wit, seven
feet from plaintiff's said dwelling; that said embankment
extends to within, to wit, three feet of the plaintiff's said
dwelling and over and upon the sidewalk in front thereof;
that the said defendant wrongfully and injuriously made
said embankment and railway track thereon and has, to wit,
from thence hitherto operated trains, engines and cars over
the same at frequent intervals, to wit, fifty trains per day.
And that the defendant by the construction of said railway
switch has wrongfully and injuriously obstructed the
ingress and egress to and from said premises and obstructed
the sidewalk in front thereof, and made it dangerous to live
in said dwelling; and the defendant in operating its said
railway over said track or switch, has unlawfully and inju-
riously thrown upon the plaintiff's premises large quantities
of smoke, cinders, dust, soot, ashes, sparks of fire and other
noxious and injurious vapors and substances, and in operat-
ing said railway shakes plaintiff's premises and dwelling,
and annoys plaintiff and his family and disturbs their rest,
quiet and sleep by ringing bells and sounding whistles in
close proximity thereto and renders plaintiff's dwelling and
premises unsightly by leaving cars stand in front of his
dwelling and has rendered the same uncomfortable, un-
sightly and unsafe, and unfit for habitation as a dwelling.

The second count is similar to the first but more specific
in charging the operation of trains on said track and their
injurious effect on plaintiff's premises. The general issue
was pleaded and the statute of limitations, with replication,
that damages had accrued within five years.

Verdict for plaintiff for $500, and remittitur of $100,
with judgment for $400.

Appellant urges that the construction of the track orig-
inally on High street and of the switch subsequently, were
not wrongful, claiming that such construction was author-
ized by ordinance of the village, adopted August 2, 1869.
This ordinance authorized the Belleville & Southern Illi-

I. C. R. R. Co. v. Wolf.

nois Railroad Company to construct its track or tracks upon High street and other streets specified, " providing it shall be done in such a manner as not to impair the usefulness of the same more than shall be necessarily incident to the building said track or tracks, and the running of cars thereon, and provided further, that the said railroad company shall lay their track on or before the first day of January, 1870."

It is not necessary for the decision of this case to pass upon the right of appellant to construct by virtue of this ordinance, subsequent to the time limit of January 1, 1870, made in the ordinance.

Nor is there any evidence to show that damages were ever paid former owners of the property, claimed to be damaged in this action.

Appellant claims that, " the right  *  *  *  to appropriate the whole of that street to legitimate railroad purposes is clearly granted by the ordinance."

The limitation in the ordinance that " it shall be done in such a manner as not to impair the usefulness of the same more than shall be necessarily incident to the building said track or tracks and the running of cars thereon," contradicts appellant's claim.   To construct a side track upon an embankment so high and so near the edge of the street as to prevent ordinary access by vehicles to adjoining lots, or to stand cars on said side track for hours at a time, are clearly not within the grant of the ordinance.

The declaration alleges injuries and damages from other causes than the obstruction to ingress and egress to appellee's lots.   If ingress and egress to appellee's lots was prevented as alleged in the declaration, by the construction of appellant's switch in January, 1900, and appellee was individually damaged thereby, he is entitled to recover damages for such obstruction.   C. & W. I. R. R. Co. v. Ayers, 106 Ill. 511; McCarty v. C., B. & Q. R. R. Co., 34 Ill. App. 273.

If his property was otherwise damaged, as alleged in the declaration, he is entitled to recover damages for such injuries.   Rigney v. City of Chicago, 102 Ill. 64.

The evidence fairly proves damage by both the above causes referred to and sustains the judgment of the court.

Appellant insists that the court erred in refusing the following instruction :

"The court instructs the jury that all the evidence in regard to smoke, cinders and noise caused by the operation of trains is not to be considered by the jury, as these are not elements of damage for which recovery can be had."

There was no error in refusing this instruction. In a case like this, it is not the law since the adoption of the constitution of 1870. Judgment affirmed.