## Amanda L. Shrader, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

DAMAGES—*when railroad company liable upon construction of approaches.* A railroad company which in order to effect a compromise with a municipality undertakes to construct approaches to a bridge over its tracks, as it lawfully might, is liable for resulting injury to adjacent real property.

Action on the case. Appeal from the Circuit Court of Lawrence county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

JAMES VAUSE, JR., for appellant; L. J. HACKNEY, ANDREWS & VAUSE, CONGER & CONGER and GEE & BARNES, of counsel.

GEORGE P. RAMSEY, GEORGE W. LACKEY and W. S. WILHITE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee to recover damages to her real estate, caused by the construction by appellant of approaches to a viaduct or bridge over its railway, on a public street of St. Francisville in Lawrence county. Appellee recovered a verdict and judgment for the sum of $500 and the record in the case is brought here by the railroad company for review.

Upon the trial no witnesses were sworn on behalf of defendant though it introduced in evidence certain ordinances and documents and there was no dispute concerning the facts in the case, which were substantially as follows:

At the time of the occurrence of the injuries to her property complained of by appellee, she owned and occupied as a residence, a lot in said village at the corner of Eleventh and Clark streets. Eleventh street ran north and south along the west side of the lot and Clark street east and west along the north side. Prior to the erection of the bridge and approach thereto her lot was comparatively level but drained west across Eleventh street and there was a tile placed across that street for drainage purposes. Appellant's track at this point is just west of and nearly parallel with Eleventh street, bearing a little towards the east. Where it crosses Clark street a short distance northwest of appellee's lot, it is about 15 feet below the natural surface of the ground. At that point the railroad company built and constructed an overhead public crossing at right angles to the track so that in a degree the crossing was opposite the northwest corner of her lot and could be reached by approaches from both Eleventh and Clark streets. These approaches were built by appellant of earth, in which there was considerable sand, down toward and along appellee's property on both streets. As first constructed they came within about four feet of her fences but afterwards by erosion, the earth was carried down to and in places covered up a portion of the fence. At the time the approaches were put in appellant took out the drain across Eleventh street and made no provision for the escape of water from appellee's lot. That appellee's property is damaged in the several ways and to the extent claimed by her, there can be no question from the proofs nor is the fact of the damage seriously contested by appellant.

Appellant sought to justify its acts and free itself from liability, under an arrangement made with the

village and an ordinance passed in pursuance thereof, whereby appellant was authorized to erect approaches for the village and it claims that by virtue of such agreement and said ordinance, the city alone became liable for all injuries done to appellee's lot in question.

While a number of questions are raised by counsel for appellant in their exhaustive and painstaking brief, yet all but a few pages are devoted to a discussion of the proposition as stated therein in different forms that "appellant in constructing the approaches to the viaduct over its tracks in Clark street, acted in obedience to the ordinance offered in evidence" and that in yielding obedience to such orders appellant "cannot be held liable to appellee for its acts so done" but that for any damage resulting to appellee's property from the change of grade in Clark street, as provided by the ordinance "the village alone and not appellant" is liable to appellee. Counsel for appellant cite many cases where the liability of municipal corporations for damages caused to abutting property, by reason of a change in the grade of a street for viaducts and subways, has been fully recognized, but the question presented here is not whether the city is liable for the injuries to appellee's property nor whether it is jointly liable with appellant, but whether the railroad company, which through its agent, constructed the approaches, is liable for the injuries, so that the cases above referred to throw little light upon the question before us.

Counsel for appellant insist that the case of Culbertson & Blair Packing & Provision Co. v. Chicago, 111 Ill. 651, is decisive of this case. That was a case brought by appellants therein against the city and the Pennsylvania Company for damage to its property occasioned by the construction of a viaduct in Eighteenth street, Chicago, over the tracks of the Pittsburg, Ft. Wayne & Chicago Railway Company, leased to the Pennsylvania Company, where judgment was rendered in the trial court in favor of appellant, against

the city of Chicago alone. The viaduct was constructed by the board of public works under an ordinance of the city but prior to the passage of the ordinance, the Pennsylvania Company had made a proposition to the city, that in consideration of the building of the viaduct, it would contribute the sum of $14000, and this proposition was agreed to and provided for in the ordinance which further provided that the viaduct should be built under the joint superintendence of the department of public works and the chief engineer of said railway company in accordance with plans and specifications on file in the office of the department of public works, and that all expenses in excess of said $14000 should be borne by the city of Chicago; also that said city of Chicago should save the railway company harmless for any claim for damages by any person injured through the erection of said viaduct. In that case the following instruction was given: "The jury are instructed that they should not permit the fact that the Pennsylvania Company is a co-defendant with the city in this case in any way to prejudice their minds against the city." Then followed a reference to that portion of the ordinance providing for the contribution of $14000 towards the work by the railroad company. The Supreme Court said in reference to this instruction, "The instruction given at the instance of appellees correctly says that the jury should not permit the fact that the Pennsylvania Company is a co-defendant with the city in the case to prejudice their minds against the city. The balance of the instruction should in our opinion have been refused as irrelevant, but it is impossible that giving it can have prejudiced appellant because there is no hypothesis sustained by the evidence upon which the Pennsylvania Company can be held liable—and so, in effect, the court ruled in giving appellees' instruction." And it was further there held that as there was nothing in the contract itself necessarily illegal and no evidence outside of the contract to show any

256      APPELLATE COURTS OF ILLINOIS.

Shrader v. Cleveland, C., C. & St. L. Ry. Co., 147 App. 252.

illegal motive or purpose in either of the parties, that the company could not be held liable as a tort feasor for merely contributing material aid to the execution of a work not unlawful in itself and not unnecessarily attended with injury to private rights.

In the case before us however, the conditions are reversed for here the railroad company undertook in order to compromise and settle certain controversies with the city, to construct the approaches to the bridge over its track, as it might lawfully undertake to do, and the same reasoning which would make the city liable for the work done by it in the case above referred to, would in a measure in this case, make the railroad company liable for the damages occasioned by the work done by it.

The ordinance of the village of St. Francisville recited in effect that, whereas, there was a controversy and dispute between the municipal authorities of said village and the Cairo, Vincennes and Chicago Railway Company (under which appellant now claims) as to whether the branch or cut-off of said railway as now located and being constructed, is within the corporate limits of said village, and whereas the village and the railway company were desirous of avoiding litigation over the question of the right of the railway company to construct and maintain its tracks and operate its railroad through said claimed additions, and also over the question of the number and character of the crossings that should be constructed and maintained by said railroad company, therefore it was ordained that in consideration of the acceptance of the ordinance and the undertaking by the railroad company to comply with the provisions of the same, authority was granted it, its successors, lessees and assigns, to construct, maintain and operate a single or double track railroad over and across all roads, streets, alleys or other public grounds now crossed by its branch or cut-off from the main line, etc. The permission, authority and privileges granted were stated by the ordinance

to be upon the express condition that the said railway company should erect and permanently maintain a viaduct or overhead bridge and the approaches thereto, over its tracks at the public highway running east and west on the south side of Drs. Bryan and Mc-Murray and A. B. Lackey's claimed addition to the village of St. Francisville. It also provided for the construction of a viaduct and overhead bridge and approaches thereto, over the tracks of the railway at another place. It stated the grade or slope at which the approaches should be constructed, and provided that they should continue to the bridges on both sides, and that there should be a vertical clearance between the top of the railroad track and the bridge of not less than 21 feet; also, that in consideration of the construction and maintenance of the viaducts or overhead bridges mentioned, and the further consideration of the payment of the sum of $500 by said railway company to the village within 30 days from the passage, approval and acceptance of the ordinance as provided therein, the village would forever relieve the company from constructing and maintaining any other or further crossings or providing safeguards therefor either overhead or at grade over the tracks of said railway company at any other places within the corporate limits of said village, including the platted additions through which said branch or cut off was then located. Appellant accepted this ordinance, constructed the viaducts or overhead bridges and approaches thereto and paid to the village the sum of $500 as provided for therein.

The 5th clause of section 20, chapter 114, of the Revised Statutes (Hurd 1905) provides, that every railroad corporation shall have the power to construct its railway across any street or highway which the route of such railway shall intersect or touch but such corporation shall restore such street or highway thus intersected or touched, to its former state or to such state as not unnecessarily to have impaired its

258    APPELLATE COURTS OF ILLINOIS.

Shrader v. Cleveland, C., C. & St. L. Ry. Co., 147 App. 252.

usefulness and keep such crossing in repair. At the point where the railroad crossed Clark street it made an excavation and laid its tracks 15 feet below the natural surface of the ground and it became necessary for it under the law to restore the crossing so as not to impair the usefulness of the street. The bridge or viaduct over the road had under the ordinance to be constructed at least 21 feet in the clear above the rail and as so constructed it stood some distance above the natural surface of the ground, and in order to restore the street or highway so as not to impair its usefulness, it was necessary for appellant, not only to construct the viaduct, but also the approaches thereto and it did not require an ordinance of the village to compel the company to do so. The effect of the ordinance was simply to relieve appellant from constructing and maintaining more than two crossings in the village, in consideration of which it paid the village $500 and constructed the crossings of a width and the approaches at a grade, prescribed by the ordinance. In constructing the approaches along appellee's premises appellant was only doing what it was required by law to do and in so doing it was its duty to so construct them as not to damage or injure appellee's property for the uses to which it was devoted. A. T. & S. F. Ry. Co. v. Pratt, 53 Ill. App. 263.

By taking up the tile across the road-bed, through which the water had formerly been carried from appellee's premises and in failing to make any outlet under the approach through which the water could be carried away and by permitting the material out of which the approach was constructed, to fall down and remain against appellee's fence, her property received injury for which she was rightfully entitled to recover and the amount recovered was warranted by the evidence. The judgment of the court below will be affirmed.

*Affirmed.*