Euwema Company, Appellant, v. McKay Engineering and Construction Company et al., Appellees.

Gen. No. 40,739.

Heard in the third division of this court for the first district at the June term, 1939. Opinion filed December 9, 1942.

G. A. Bosomburg, of Chicago, for appellant.

Rosen, Francis &. Cleveland, of Chicago, for certain appellee; Ralph Rosen and James B. O'Shaughnessy, both of Chicago, of counsel.

Ernst Buehler, Rosen, Francis & Cleveland, Louis I. Fisher and Richard R. Madic, all of Chicago, for certain other appellee.

Joseph E. Serhant, of Chicago, for certain other appellee.

## Rehearing Opinion.

Mr. Justice Kiley delivered the opinion of the court.

This is an action to recover for damage to plaintiff's property located at 1309 S. East avenue, Berwyn, Illinois. The property consists of a story and a half brick building which was constructed by plaintiff 11½ years prior to the time of the alleged damage. The jury returned a not guilty verdict as to the City of Berwyn; verdicts of guilty against the McKay En-

gineering & Construction Co., and the Sanitary District of Chicago and assessed plaintiff's damages at $2,000. The court, notwithstanding the latter verdicts, entered judgment for all defendants, and plaintiff has appealed.

In substance plaintiff's pleadings charge defendants with negligence in excavation and construction of a Sanitary District sewer in front of plaintiff's property, as a result of which the property was damaged and for which he seeks to recover; and the City of Berwyn and the Sanitary District with the responsibility to compensate him to the extent of the damage to his property which resulted from the public sewer improvement. The damage consisted principally of cracked foundations, floors, walls and ceilings in plaintiff's house. The defendants filed answers and made no objection in the trial court to the complaint and its amendments. We believe the complaint reasonably informed each of the nature of the claim against it.

The Company built the sewer under contract with the District which had an easement granted by the City of Berwyn. There is no evidence in the record from which any negligence on the part of the Company can be reasonably inferred. Negligence cannot be imputed to it, from the evidence alone, of vibrations from the operation of its air-compressor; rumbling in the tunnel; a cave-in in the street or cracked sidewalks or structures. The judgment of the trial court, notwithstanding the verdict of the jury, was proper as to the Company. This determines the question of the liability of the District for any negligence of the Company. The City is the licensor and the District its licensee. The general rule of tort referred to in *Macer v. O'Brien,* 356 Ill. 486, does not apply in this case to the District because of the absence of evidence of any misuse or abuse of its license; nor does the exception to that rule apply here to the City, because there is

no evidence of any negligence on the part of its licensee, for which the City could be held liable.

Plaintiff seeks compensation under section 13, Article II of the Constitution of 1870. There is evidence in the record tending to prove that the excavation for, and construction of, the sewer in this case caused the damage. The plaintiff, therefore, was entitled to have the case, so far as the District and the City were concerned, go to the jury, unless, as a matter of law, on the evidence they could not be liable. The District contends, in effect, that since it did not intend to damage plaintiff's property by exercise of the right of eminent domain, plaintiff cannot recover under the Constitution; that section 13 does not embrace accidental damages incidental to the exercise of eminent domain; that under *Lund v. Salt Lake County,* 58 Utah 546, 200 Pac. 510, plaintiff's property was not damaged for public use; and that under *People ex rel. Tyson v. Kelly,* 379 Ill. 297, plaintiff is remitted to a law action based on negligence. We believe the first three contentions are successfully answered in *Rigney v. City of Chicago,* 102 Ill. 64 and *Cuneo v. City of Chicago,* 379 Ill. 488, under which it appears respectively that the 1870 amendment to section 13 of Article II of the Constitution was intended to give redress in cases where, prior to amendment, as at common law, a property owner could not recover if a statute authorized the improvement causing the damage; and in other cases where formerly no recovery could be had with or without a statute.

Since there is evidence that as a result of the improvement plaintiff suffered special damage, he has a right to recover compensation under the Illinois Constitution without regard to the question of negligence. The work was done under lawful authority and did not constitute a public nuisance, *Barnard v. City of Chicago,* 270 Ill 27, but in the absence of legis-

lative authority, the improvement would have been a nuisance, for which, prior to 1870, anyone sustaining special damage could recover. Plaintiff's action, therefore, falls within the protection of section 13 and he is entitled to be compensated for his damage. *Cuneo v. City of Chicago,* 379 Ill. 488. That finding disposes of the District's remaining contention.

Who should compensate plaintiff? Because the property is within the City, a mere licensor of the District which made the improvement, the answer is not apparent. The District has the responsibility to construct sewers; authority to exercise the power of eminent domain to obtain property for that purpose; and the related necessary authority to compensate the property owner for property taken. It would appear that the District which would be required to pay for property taken, should have the burden of compensating plaintiff for damaging its property. The Drainage Act provides means for the District to obtain revenue out of which it may meet necessary obligations of this kind. We hold the City, licensor, not liable in this case, although in so holding we do not approve the instruction which the court gave on behalf of the City which limited its liability to damage arising out of its own negligence.

We believe the issues of fact were properly submitted to the jury which determined the causal connection between the sewer improvement and plaintiff's damage. As a matter of law, we hold the plaintiff had a right, therefore, to compensation from the District. The trial court erroneously entered judgment in favor of the District notwithstanding the verdict against it.

For the reasons given, the judgments in favor of McKay Engineering & Construction Co., a corporation, and the City of Berwyn, are affirmed and the judgment for the Sanitary District is reversed and the cause is remanded with directions to the trial court

to enter judgment for the plaintiff against the Sanitary District in the amount of $2,000.

*Affirmed in part and reversed and remanded in part with directions.*

BURKE, P. J., and HEBEL, J., concur.