St. Louis, Alton and Terre Haute Railroad Company

*v.*

Charles H. Miller, Administrator, etc.

1. Railroad companies. A recovered a judgment against the Terre Haute, Alton and St. Louis Railroad company, for work and labor performed for it, and subsequently the road was sold, and its purchasers were, by an act of the legislature, passed February, 1861, incorporated as the St. Louis, Alton

and Terre Haute Railroad company, under which they organized, and which act provided, among other things, that, as a condition precedent to its operation, they should pay all unsatisfied judgments which had been recovered against the former company for work and labor done for it.   In an action of debt, brought against the St. Louis, Alton and Terre Haute Railroad company, upon this judgment, — *Held,* That the company was liable, it having succeeded, under said act, to all the corporate powers, privileges and franchises of the Terre Haute, Alton and St. Louis Railroad company, and having assumed, in consideration of such grant, to pay and discharge all judgments of such a character, remaining unsatisfied against said company last named.

2.   In such case, it was not necessary, that the act should provide a specific remedy in favor of judgment creditors, in the event of the non-payment of their judgments, as, whenever a statute imposes a duty or liability, the common law affords the remedy, either by the action of debt or assumpsit, as the case may be.

3.   This act of incorporation constituted an agreement between the State and the St. Louis, Alton and Terre Haute Railroad company, by the making of which the defendant, became liable to pay the judgment in question.

4.   Action of debt —*proper remedy on judgment record.*   The action of debt is the proper remedy on a judgment record.

5.   While the State might revoke the grant made to the St. Louis, Alton and Terre Haute Railroad company, because of its exercise of the franchise before condition performed, yet, the act did not design, that judgment creditors should be dependent upon the action of the State in the matter, as such action could not in any way benefit the creditors, or relieve the company from the obligations it had assumed.

6.   Pleading — *declaration in such case* — *when sufficient.*   In such case, no consideration need be averred or proved.   It is sufficient, if it appear by proper averment that the judgment was obtained for work and labor performed on the road, and that it has not been satisfied.

7.   Same — *as to surrender of judgment.*   Nor was it necessary that there should have been an averment, that the judgment had been surrendered, or transferred to the defendant.   This the plaintiff was not bound to do, or offer to do, until an amount sufficient to satisfy the judgment had been tendered.   Section 7 of this act, has no application to this case.

8.   Same — *what sufficient allegation that judgment had not been settled.*   An averment in the declaration that the judgment sued upon had not been paid, or satisfied, is equivalent to an allegation that it had not been settled or arranged, and under such allegation, the defense was open to prove that it had been settled.

9.   Same — *presumption that a claim is just, which has passed into judgment.*   In an action brought upon a judgment, the declaration need not aver that the claim upon which such judgment is founded, was a just one.   The original

claim having been sanctioned by the judgment of a court of competent juris-diction, the presumption is, that it was just.

10. SAME — *of notice of the judgment.* Under the act, an averment of notice to the defendant of the existence of the judgment was not required. It was bound to ascertain for what judgments, and the amount, it had become liable to pay, and to pay them before it took active possession of its franchise.

11. DAMAGES — *when may be computed by the court.* The rule is well set-tled, that in an action of debt upon a judgment record, for a sum certain, the damages may be computed by the court, without the intervention of a jury.

12. SAME — *in all cases of judgment by default — assessed by the court unless jury is demanded.* Under the act of 1863, in all cases of judgment rendered by default, the court is allowed to hear the evidence and assess the damages, unless a jury is demanded.

APPEAL from the Circuit Court of Montgomery county; the Hon. E. Y. RICE, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. WILEY & PARKER, for the appellants.

Mr. A. N. KINGSBURY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Montgomery Circuit Court, brought to the March Term, 1865, by Charles H. Miller, admin-istrator of the estate of John S. Miller, deceased, against the St. Louis, Alton and Terre Haute Railroad company. The action was debt on a judgment record, by which it appeared that Miller, in his life-time, had recovered a judgment by default against the Terre Haute, Alton and St. Louis Railroad company, at the September Term, 1860, for $2,330 and costs of suit, for work and labor done on the Terre Haute, Alton and St. Louis Railroad, and for that company.

It further appeared that this road was subsequently sold, and its purchasers were, by an act of the legislature passed in Feb-ruary, 1861, incorporated under the name and style of the St. Louis, Alton and Terre Haute Railroad company, and organized

under that act. The act was made a public act, and it provided, among other things, by section 12, as follows:

"All *bona fide* claims or judgments for stock heretofore killed by the Terre Haute, Alton and St. Louis Railroad, and all claims for right of way on that part of the road from Belleville to Illinoistown, and all just dues for work and labor done, and for wood and ties furnished or taken for the said Terre Haute, Alton and St. Louis Railroad company, shall be assumed and paid by the St. Louis, Alton and Terre Haute Railroad company, as a condition precedent to the operation of this act." Private acts of 1861, p. 530.

The declaration alleges that the judgment obtained by the intestate was for work and labor on the Terre Haute, Alton and St. Louis Railroad, and had not been satisfied.

A judgment was rendered by default against appellants, and the court assessed the damages by calculating the interest on the original judgment, and rendered final judgment for $2,332 debt, and $768 damages.

The record is brought here by appeal, and various errors assigned, the most important of which will be noticed.

The appellants insist that the record does not show any legal liability on their part to the plaintiff, and if there was any such liability, he has mistaken his remedy; that the action of debt will not lie. These are the principal points made, and to them appellants' counsel have directed most of their argument.

They insist that appellants are a corporation distinct from the original judgment debtor, composed of different individuals, and acting under a different charter.

This may be so, in some degree, but it is not entirely so. By the charter to appellants they are made the successors, or administrators, so to speak, on the estate of the company which incurred the original liability. They have the same functions, franchises, powers and privileges, and are owners of the whole estate claimed and possessed by their predecessors. The name, only, is changed, and in a very unimportant particular, that is, placing St. Louis first, whereas, it was, under the old corporation, the last.

It was, manifestly, the intention of the legislature, in thus clothing appellants with the property and franchises of the old company, to place them as a corporation in their shoes, on certain conditions, one of which was that they should pay and discharge all unsatisfied judgments recovered against the old company for work and labor performed for it on their railroad. The name of the old company may remain, but that is all. It is stripped of all its powers and franchises and property, to all of which appellants have succeeded, and they have assumed, in consideration of this grant, to become the debtors of such creditors of the old company as had obtained judgments against it for work and labor done upon their road, the benefits of which appellants are in the full and undisturbed enjoyment.

It is urged by appellants, that in the event of non-payment of these judgments, no remedy is given by the act against them, nor is it provided that the claims shall be paid out of any funds to be raised by virtue of the act, nor is there any independent provision that appellants shall pay these claims, but substantially, the provision of the act is this : That the corporation shall not exercise the corporate franchise until such claims are paid.

It is true, the act provides no specific remedy in favor of creditors in case of non-compliance by appellants, nor was it necessary it should so provide. It is a rule universally acknowledged, where a statute imposes a duty or liability, the common law affords the remedy by the ordinary action of debt, when the demand is for a sum certain, or assumpsit, as the case may be. Here the demand was a judgment, and the suit was for its recovery *eo nomine* and *in numero*.

The argument that appellants were not a party to the original judgment, cannot avail against their assumption to pay and satisfy it, in consideration of the rights, privileges and franchises bestowed upon them by the legislature. That was one of the conditions of the consideration as expressed in the act, and the act itself, and the conditions, were based upon the fact, that appellants were not parties to the judgment, but that they would be liable and become bound to pay it, and the act

made them thus liable. That was the policy of the act. Had they been parties to the judgment, it would have been a useless act, to have assumed its payment, for the general law would have compelled them to pay it.

The counsel also say, that the liability of appellants cannot be predicated on any duty arising out of the act, because a legal duty can only be created by a legal obligation growing out of some consideration moving from the plaintiff. In general this may be so, but this case shows an agreement between the legislature of the State and appellants, made at their own solicitation, as we have the right to infer, the legislature acting with an eye to the interests of its people, and the appellants wholly to their own, that on the bestowal on them by the legislature of franchises worth millions, which a defunct corporation had exercised, and in their exercise had incurred debts to the citizens of the State, the appellants would take the place of their predecessors as to these, their just liabilities, and pay and discharge them. This was a fair bargain, and it was competent for the parties to make it, and by making it, the appellants became to all intents and purposes a party defendant in that judgment, and became liable to pay it. The obligation was cast upon the appellants, upon their assuming to exercise the franchises of the old company, to pay this judgment, and it needs no references to authority to show, that the action of debt is the proper remedy on a judgment record.

It may be, as the payment of this judgment was a condition precedent to the operation of the franchises by appellants, and being unpaid, the State might proceed by *quo warranto*, it does not follow, therefore, that the judgment creditor has no remedy, although the act failed to provide one specifically. The State has its remedy against appellants for exercising the franchise before the conditions were performed, by revoking the grant, but it would be but a barren achievement for the creditors, nor was it the design of the act, that they should be dependent on the action of the State, and if the State should act by legal proceedings against the appellants, in what way could that benefit the creditors? It would not tend to the pay-

ment of the claims against them, or relieve them from the obligations they have assumed. To obtain the franchises, they obliged themselves to pay this judgment, and that too before they exercised them. Is the duty and obligation in any respect diminished, because they are operating the road, because they have been for a long time in the full enjoyment of the franchises, and have not paid the judgment? The idea that the State alone can take advantage of the non-payment of this judgment, is therefore not well founded.

On the point, that no consideration moved from the appellee's intestate to the appellants, it is not necessary, in view of the act of the legislature, that there should have been any, in the technical sense of the phrase used. Assuming that appellants are the legal representatives of the defunct corporation, which they are, and so constituted by the act in question, the judgment against it is conclusive evidence of their liability to pay. No consideration, in such case, need be averred or proved. All that is necessary is, that it should appear, by proper averments, that the judgment was obtained for work and labor on the railroad, and, that it has not been satisfied, all which is sufficiently averred in this record.

As to the point, that there has been no surrender or transfer of this judgment by the creditors to the appellants, it is only necessary to say, that admitting appellants are entitled to such surrender or transfer, it no where appears such transfer or surrender has been demanded, nor is one bound to be offered or made, until an amount sufficient to satisfy it shall have been tendered. There is no obligation on the creditor to enter satisfaction of the judgment, make a surrender or transfer of it to appellants, until they have paid the money due by it. Nor does the act so provide. The seventh section has no application to this case. It will be time enough to demand a transfer when appellants pay the money.

Upon the point, that there is no averment, that the judgment has not been settled or arranged, it is sufficient to say, there is an averment in the declaration, that it has not been paid or satisfied, which is an equivalent allegation, that it has

not been settled or arranged. The defense, under the allegation in the declaration, was open to appellants to plead and prove it had been settled and arranged. That is an affirmative fact, which they were bound to establish.

As to the want of an averment that the claim was just, that is not important or necessary. As the original claim had been sanctioned by the judgment of a court of competent jurisdiction, the presumption must obtain that the claim was a just one. The act was not designed to re-open claims that had gone into judgment, or litigate over again their merits, but any open, unadjusted claims for work and labor, or for wood and ties furnished the old corporation, were not to be paid by appellants, until their justice was established. These were to be paid when ascertained to be just, but not so with "judgments had for the same." The judgment established the justness of the claim, not to be again called in question, and is, by the act, conclusive on that point.

That no notice was given to appellants of the existence of this judgment, the act does not require notice should be given. It was the duty of appellants to ascertain and know for what judgments and their amount, they had become liable, and they were bound to pay them, without delay, before they took active possession of their franchises.

The remaining point is, that the court assessed the damages, which, not resting in computation merely, required the intervention of a jury.

The action was debt upon a judgment record for a sum certain. The rule is well settled in all such cases, that the damages may be computed by the court without the intervention of a jury. They are made up of the interest due on the unpaid debt, and rest wholly in computation.

By the act of 1863, in all cases of judgment by default, it is allowed the court to hear the evidence and assess the damages, unless a jury is demanded. Here, there was no necessity for any investigation, other than to compute the interest, and the court on inspection of the record had all the evidence necessary, before it. Laws of 1863, page 47.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*