### Second National Bank of Saginaw, Michigan, Appellee, v. John Claney et al., Appellants.

### Gen. No. 17,103.

1. PLEADING—*where defendant waives right to insist upon sufficiency of affidavit.* Where defendant obtains leave to file an amended affidavit after a former affidavit has been stricken from the files, he waives the right to insist upon the sufficiency of the first affidavit.

2. NEGOTIABLE INSTRUMENTS—*defenses.* An affidavit of merits to an action on promissory notes in effect that the notes were for the accommodation of the payee and without consideration, were given with the understanding that defendants were not to be called upon to pay them, and were negotiated without the consent of defendants, and that defendants expect to prove plaintiff was aware of the circumstances under which they were obtained, does not show a defense and is properly stricken from the files.

3. JURY—*assessment of damages.* Where a party demands a jury under the Municipal Court Act, he is entitled to have the issues made up in the case tried by a jury, but unless a special demand is made at the time does not have the right to have a jury assess the damages on default.

4. DAMAGES—*when court may assess.* Where defendant demands a jury at the time he enters his appearance, but does not demand a

jury for the assessment of damages upon default, it is not error for the court to assess the damages.

BARNES, J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 25, 1913. *Certiorari* denied by Supreme Court (making opinion final).

ADAMS, BOBB & ADAMS, for appellants.

MUSGRAVE & LEE, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellee brought an action in the Municipal Court against appellants on two promissory notes signed by appellants. The declaration in the usual form was filed and attached thereto were copies of the notes sued on and an affidavit of claim.

Appellants appeared, demanded a jury and filed pleas and an affidavit of merits. This first affidavit was, by order of court, on motion, stricken from the files for insufficiency. Appellants took leave to file an amended affidavit of merits, and on May 9, 1910, filed their amended affidavit of merits. This affidavit was also deemed insufficient by the court and, on motion, it was ordered that the appellants' pleas and affidavit of merits be stricken out for want of a sufficient affidavit of merits, and appellants were ruled to file *instanter* a new affidavit of merits; but they declined to file a further affidavit of merits and elected to stand by the one last filed and stricken out. Thereupon the court entered the default of appellants and assessed the damages and entered judgment against them for $5,139.99. From that judgment this appeal is prosecuted.

The sufficiency of the first affidavit of merits is not open for consideration in this court. Appellants did not stand by that affidavit, but obtained leave to file an

amended affidavit of merits, thereby waiving the right to insist upon the sufficiency of the first affidavit.

The second or amended affidavit of merits does not state facts showing a defense to appellee's cause of action. It says that in effect the notes were for the accommodation of the payee and without consideration, and were given with the understanding that defendants were not to be called upon to pay them; and were negotiated without the consent of the defendants; and that defendants expect to prove that plaintiff was aware of the circumstances under which the notes were obtained. Randolph on Commercial Paper, Pars. 472, 476; Hodges v. Nash, 141 Ill. 391; Naef v. Potter, 226 Ill. 628; McSherry v. Brooks, 46 Md. 103. The pleas and affidavit were, therefore, properly stricken from the files by the court.

Appellants contend that inasmuch as they filed their appearance within the statutory period with the clerk of the Municipal Court and at the same time demanded a trial by jury and paid the jury fees, they were entitled to have the damages, if any, assessed by a jury. We do not assent to this contention. The effect of the Municipal Court Act is that when a party demands a jury in writing in that court, he is placed in the same position as he would have been in the Circuit Court without such demand; i. e., have the issues made up in the case tried by a jury. This does not mean that he would have a right, without a special demand made at the time, to have a jury assess the damages on default. Hurd's R. S. Chap. 110, Sec. 59; Chicago Sectional Elec. Underground Co. v. Congdon Brake Shoe Mfg. Co., 111 Ill. 309; Palmer v. Harris, 98 Ill. 507; Kassing v. Griffith, 86 Ill. 265; St. Louis A. & T. H. R. Co. v. Miller, 43 Ill. 199. A written demand for a jury in the Municipal Court is not equivalent to a demand for a jury after default upon an assessment of damages in the Circuit Court. No demand for a jury after default on the assessment of damages is shown by the record. It is true that the bill of excep-

tions shows that after default the case was referred to the court to assess damages "over objection and exception by the defendants." This, however, amounted to nothing more than a general objection to making any assessment upon the default entered. It was not an error, therefore, for the court to assess the damages.

There was no dispute as to the amount of damages to be assessed. If a jury had been called the court would have instructed them to find a verdict for the exact amount of the judgment.

We perceive no error in the record, and the judgment is affirmed.

*Affirmed.*

MR. JUSTICE BARNES dissenting: I cannot agree with the conclusion that defendants were not entitled to a jury for the assessment of damages. We have held to the contrary. Ungar v. Feuer, 172 Ill. App. 204. Under the Municipal Court Act, if a defendant wants a jury he must demand it and pay the fees therefor at the time of entering his appearance, but there is nothing in the act to indicate that the demand is limited to a trial of the issues. It should be sufficient for all purposes. It would be quite as consistent to require a second payment of fees as a second demand.

But, if necessary, objection to the order referring the assessment of damages to the court was equivalent to a request for a jury for that purpose. It had no other significance, for counsel had saved his points on all other matters. I think defendants were deprived of a statutory right, and for that reason the case should be reversed.