Galesburg Sanitary District, for the use of Etta Mae Anderson, Appellee, v. American Surety Company of New York et al., Appellants.

Gen. No. 9,594.

458

Opinion filed February 14, 1941. Rehearing denied March 17, 1941.

ADAMS, HAWXHURST, HAWLEY & WHITE, of Chicago, and HARDY, HARDY & WITHERELL, of Galesburg, for appellants; RALPH R. HAWXHURST and HOMER C. DAWSON, of Chicago, of counsel.

BURREL BARASH and L. FRED O'BRIEN, both of Galesburg, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

The O'Brien Brothers Construction Company, hereinafter called contractor, entered into a contract with the Galesburg Sanitary District, for the construction of a sewage project. Appellants executed their bond in the sum of $683,611 on behalf of said contractor.

Etta Mae Anderson, during the time in question, was the owner of certain premises, which were improved with brick and frame buildings, occupied and used by her for hotel purposes. In 1932, she filed suit against the Sanitary District, the contractor, and appellants, for damages alleged to have been sustained to her property because of the construction work as done by said contractor. She alleged that by virtue of the excavations made, foundations of her buildings were

so weakened and disturbed, as to cause them to sink, crack and break, thereby destroying the walls, floors and roofs of the buildings. Ten thousand dollars damages were alleged by the plaintiff Anderson in that suit. Appellants filed a demurrer to the declaration. The court sustained this demurrer and granted leave to the plaintiff to amend her declaration. Thereafter, plaintiff dismissed from her suit appellants and the drainage district. She proceeded to trial against the contractor, recovered a verdict in the sum of $4,000, upon which judgment was rendered, and which is now effective and unpaid.

This present action is a suit by the drainage district for the use of plaintiff Anderson and against appellants, to recover the amount of her aforesaid judgment obtained against the contractor. The cause was heard by the court. Judgment in debt was granted upon the bond, which was ordered satisfied upon the payment of $4,000, and cost of suit. It is from this judgment appellants appeal.

Appellants advance many points for reversal. We shall refer only to those we consider controlling. *Res judicata* is urged. In support of this position, they claim that the sustaining by the trial court of their demurrer to the suit of plaintiff Anderson, served as an estoppel and bar to this present action. In this regard, it appears that the judgment obtained by plaintiff Anderson against the contractor, is the only final judgment rendered in that case. Her suit against the contractor was one to recover damages for injury to property. Her election to dismiss codefendants before trial, did not serve as a final judgment as to them. Her action against the contractor, could not be said to rest upon contract. She had no contractual relation with him. The purpose of his securing the bond in question, was for the protection of those whose property he might injure. Appellant's liability to answer for the contractor's negligence or damage caused by

him in the work, is not based upon any tortious act of theirs. They in no way participated in the doing of the work. They are merely obligated to respond for such damages caused by the contractor, which he failed to pay.

Appellants also urge that the bond as executed by them did not operate for the benefit of third persons, but only for the protection of the district. In considering this question, it is necessary to refer to the contract. For this purpose the contract and bond are to be construed as one instrument. The bond identifies the contract and briefly states the purpose of same, and is conditioned upon the contractor fully and faithfully performing the work, and provides that he shall well and truly keep and perform each and all of the covenants and agreements therein contained. Article 15 of the contract provides among other things that, "said contractor covenants and agrees to pay the amount or amounts of any and all damages for injury to real or personal property . . . sustained by any person, corporation or party growing out of any act, deed or omission of said contractor, or of his employees or subcontractor, or its, his, or their employees or representatives, or either, any or all of the same. . . ."

The right of a third person to recover on a contractor's bond on account of injuries to person or property, depends upon the terms and conditions of the bond. The bond in this case by its terms made the plans, specifications, and construction contract, and all of the terms and provisions thereof a part of the bond, the same as though fully incorporated therein.

Since the advent of surety companies making a business of acting as surety for compensation, the old rule that such bonds must be strictly construed and all doubts resolved in favor of the surety, has been somewhat relaxed in many jurisdictions. Although this departure is of comparatively recent development, yet it appears that a majority of the several jurisdictions

support the doctrine, the courts in such cases treating a compensated surety company similar to companies engaged in other forms of insurance contracts. This situation grew out of the distinction between surety contracts of a company organized for such purpose and so acting for compensation, and a voluntary surety acting without compensation. Those courts which recognize such distinction, take the position that a surety company acting for compensation, will have the contract construed most strongly against it and in favor of the indemnity which the obligee has reasonable ground to expect. The contract is regarded more in the nature of an insurance contract, and by analogy, the rules governing liability applicable in that class of contracts are applied. Such a distinction grows out of the fact that on the one hand the court considers the liability of a professional paid surety company organized for the purpose of engaging in such form of contracts, as distinguished from an individual surety who acts voluntarily and without pay, and who, as a matter of fact, is now extinct in surety contracts involving such amounts as was given in this case.

The above situation has brought about some diversity of opinion as to the strictness with which surety contracts are to be construed. According to the one view, where an ambiguity exists, it will be construed against the one executing the contract. In other jurisdictions, the surety is said to be a favorite of the law, and the contract is construed strictly in his favor. As between these contrary opinions is the view that there should be neither a strict nor a liberal construction, but that the contract shall receive a reasonable construction according to the intent of the parties, in the same manner as other contracts are construed. Such a doctrine does not require a construction which enlarges the words of the guaranty beyond their natural import, in favor of those for whose benefit it is given, nor does it restrict the words in aid of the guarantor. It is inter-

preted merely in a manner to give effect to the intention of the parties as expressed, rather than defeat the purpose for which it was executed. In observing this rule, the particular contract in question must be considered and given effect according to its own expressed intention as gathered from the language used. Such a rule does not require that the liability of the surety be enlarged upon, but it merely serves to determine the meaning of the contract, and after this is determined, the effect of the guaranty is neither enlarged nor restricted.

In view of what has been said, on bringing such considerations to bear upon the contract in question, we think a clear intent appears therein to create an obligation on the part of appellants for the benefit of the appellee in this case.

It is also urged that plaintiff Anderson's suit was based upon tort, and that a tort claim could not be maintained under the bond in question. In this respect it appears by the contract that the contractor agreed to pay all damages for injury to real or personal property resulting from the work to be done. Furthermore, the action of debt lies on a judgment of a court of record and is considered a proper remedy on a judgment rendered. *St. Louis, A. & T. H. R. R. Co. v. Miller,* 43 Ill. 199, 206; Freeman on Judgments (5th ed.) vol. 2, p. 2256, par. 1086.

Appellants further urge that the district cannot maintain this suit on behalf of Etta Mae Anderson. The contract is under seal, and we are of the opinion that the obligee therein may maintain the action, although the beneficial interest might be in another.

The judgment herein is affirmed.

*Judgment affirmed.*