Sanitary District of Chicago, Appellee, v. United States
Fidelity and Guaranty Company, Appellant.

Gen. No. 43,021.

164

Heard in the third division of this court for the first district at the April term, 1944. Opinion filed May 18, 1945. Released for publication June 8, 1945.

EUGENE P. KEALY and JOHN J. DOWDLE, both of Chicago, for appellant.

ERNST BUEHLER, LOUIS I. FISHER and RICHARD R. YOUNG, all of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action against the surety on a contractor's bond wherein plaintiff recovered the amounts of judgments against it based on suits for damages arising out of a sewer improvement. Defendant has appealed.

February 20, 1936, McKay Engineering and Construction Company entered into a contract with plain-

tiff under which the Company agreed to build a sewer in Berwyn, Illinois. The contract required a surety bond which defendant executed on the day of the contract. The City of Berwyn authorized the improvement and plaintiff completed the work according to contract, with some modification, June 1, 1937. November 19, 1937 suit was commenced by several owners of property in Berwyn for damages to their property, resulting from the construction work and judgments totaling $16,496.77 were entered against the Sanitary District. These judgments were paid by the District and after demand upon defendant for reimbursement was refused, this suit was started.

Defendant contends it is not bound on its bond except for judgments based on the Company's negligence. Plaintiff answers that by its bond defendant agreed to pay all judgments in "consequence of the awarding of the construction contract," and to be concluded by judgments in any suits for damages to property arising out of the improvement. There is no dispute on evidence and a question of law is involved whether the defendant surety is obliged by the bond to reimburse the District. The trial court denied defendant's motion, at the close of plaintiff's case and at the close of the entire case, for a finding in its favor on the question of law. In deciding the case the trial court said that there was a finding in the property damage judgment that the Company was negligent, and that that judgment was conclusive against defendant under the terms of its bond.

Plaintiff had the burden of showing that the judgment came within the terms of the bond and it relies upon the language of the instruments involved. Determination of the question requires construction of the bond. Plaintiff contends the bond must be construed in its favor and relies for support upon *Gunsul v. American Surety Co.*, 308 Ill. 312, which points out the distinction between individual and corporate

sureties, but cannot be said to support plaintiff's contention. Allowing for the rule of construction that ambiguities are resolved against the one who drafts an instrument, we believe the language of the instruments here should not be strained to enlarge or restrict the fair meaning of the language used. *Turk v. United States Fidelity Co.*, 361 Ill. 206; *Galesburg Sanitary District v. American Surety Co.*, 308 Ill. App. 457. The contract between plaintiff and McKay, etc. required, pursuant to Chap. 29, Par. 15, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 126.320], a bond for half the amount of the contract guaranteeing the faithful performance of all the terms and conditions of the contract, and a separate bond guaranteeing the prompt payment for labor and services. The performance bond in the amount of $557,985.00 provided that any obligations thereunder should be void if the Company performed the contract according to its terms, specifications and plans; if it protected and indemnified the Sanitary District against all judgments in consequence of the awarding of the contract or arising out of the negligence of the Company; and if it performed other conditions not pertinent here. The first condition recited, clearly refers to the actual construction work and was fulfilled according to the District's approval of its chief engineer's communication that the work was completed satisfactorily June 1, 1937. The second condition is vital. The final paragraph of the bond provides that it is expressly understood that any judgment against the Sanitary District in any suits for damages for injury to real or personal property or to persons arising out of any act or doing of the Company or its employees, should be conclusive against each and all of the parties to the obligation as to liability, amount, etc. In that paragraph also defendant agreed to be concluded as to amount of liability, etc., by any judgment ''as aforesaid in any suits for damages for injury to real . . . property . . . growing out of

any act or doing'' of the Company or its employees. We agree with defendant that the last paragraph of the bond does not purport to recite the extent of defendant's liability, but simply to preclude defendant from attacking judgments against the District coming within the terms of the bond. The words, ''as aforesaid'' are words of limitation of the judgments ·by which defendant was to be concluded, and refer to judgments expressed in the vital condition above mentioned, those in consequence of the awarding of the contract and those resulting from the carelessness or negligence of the Company. A further description of the judgments in the final paragraph of the bond is that they shall be entered in suits for damages for injury to real property, etc. growing out of any act or doing of the Company. This further description is helpful for it enables us .to better understand which class of judgments mentioned, in the vital condition, the term ''as aforesaid'' refers to.

If a judgment of the kind entered against the District and the basis of this proceeding can be said to be in consequence of the awarding ''of the contract,'' it can only be so because the words ''in consequence of'' are used to describe not only liabilities arising out of the contract transaction, but also arising out of everything that follows the awarding of the contract and winding up of the improvement. If the words are so used then the words describing the alternative liability arising from the carelessness or neglect of the Company are surplusage. We should, however, give effect to all the words if that can be reasonably done. We believe that the limitation, in the last paragraph of the bond, of the judgments to those in ''suits for damages for injury to real  .  .  .  property growing .  .  .  out of,'' etc., refers to the second class of liabilities described in the bond proper arising from the negligence of the Company. Furthermore, we believe that that class of liabilities includes and is co-

extensive with the agreement in the contract to pay all damages ''for injury to real . . . property . . . growing out of any act or doing of the contractor . . . that is in the nature of a legal liability.'' We believe that this construction is consistent with precedent in this court. In *Maezes v. City of Chicago*, 316 Ill. App. 464, construing a similar provision of a contract to determine the liability of the contractor thereunder, we held that where the contractor exercised due care and skill in doing the work he was not liable to pay the damages and that the construction work was not its ''act or deed,'' but that of the District. In *Euwema Co. v. McKay Eng. & Const. Co.*, 316 Ill. App. 650, we also held that the liability of the contractor was limited to injuries caused by its negligence.

The plaintiff argues here that the judgment in favor of Berwyn property owners against the District is conclusive on the defendant because a finding in it attributed the damages to the acts of the Company, and moreover, that defendant was requested to defend that action in behalf of the District. It is true that the defendant was requested to make the defense and refused to do so. Its refusal was based upon its position that the action was not one covered by its bond and it took the risk of the consequences of its refusal. The question whether it is concluded by the finding is involved in the determination of the question whether the suit of the Berwyn property owners was based on the negligence of the Company. The property owners sued the District, City of Berwyn, the Company and two other defendants. The complaint consisted of four counts. The second count charged the Company and its co-contractor with negligence. This count, as well as counts 3 and 4 were eliminated from the case when, on plaintiff's motion, all defendants except the District were dismissed. The

first count, upon which trial was had, alleged that the construction work necessarily required, blasting; that the blasting and excavation and disturbance of soil were intrinsically dangerous; and that as a result thereof and the operation of vibrating surface machinery, the various properties were damaged. In an amendment to the first count, the property owners alleged that among the common questions of law arising out of the case, would be that the defendants were liable "wholly without regard to the existence of any negligence . . . ." Defendant argues that this count presented a case under Section 13 of Article II of the Illinois Constitution providing that private property should not be taken or damaged for public use without just compensation. Plaintiff says it was a tort action based on the use of dynamite. The allegations were the necessary use of dynamite under the contract by the Company and the inevitable resulting damage. A finding was made in the judgment order that the Company and not the District did the blasting which caused the damage. This finding the trial court, in the instant suit, decided was a finding of negligence. Plaintiff argues that it was a finding of negligence since the use of dynamite is intrinsically dangerous. The finding was made though the Company at the time was not a party to the damage suit and the purpose of the finding seemingly was to bring the judgments within the bond. Under the circumstances the finding, if it was of negligence, would be consistent only with the District's liability as the Company's superior. Even if it were a finding of the Company's negligence, it would avail the District nothing for, nevertheless, the District as the "author of the mischief" would be responsible. *City of Joliet v. Harwood,* 86 Ill. 110; *City of Chicago v. Murdock,* 212 Ill. 9; *Maezes v. City of Chicago,* 316 Ill. App. 464. If the blasting was necessary, as the nature of the work, the contract, the

judgments and the property damage suit indicate, it would seem clear that the action was under the Constitution.

It is true that, under the Statute requiring a bond, the District was not limited to the provisions appearing in the instant bond, however, this case rests on the bond here. Plaintiff says that defendant should have met the presumption of negligence, arising out of the finding, in the trial court, by introducing evidence to controvert it. From what we have said it is clear that no presumption of negligence on the part of the Company arose out of the finding. The fact that no judgment was entered against the Company in the property damage suit, is sufficient to distinguish cases relied on by plaintiff to conclude the defendant surety and to justify admitting the finding in evidence. The finding, since under the law it could not show negligence on the part of the Company, was immaterial.

The Company's agreements in the contract under "Blasting," are wider than the indemnities in the bond. The Company agreed to indemnify the District against all claims for damage to real property caused in any manner whatsoever by blasting. We have already held that the indemnities in the bond were limited to judgments entered in suits arising out of the negligence of the Company. We are not called upon to decide the effect of the agreements referred to between the District and the Company.

We believe that the conclusion we have reached in this case is consistent with law and public policy. The Sanitary District is authorized to do the work, the subject of the contract. The work, necessarily, required blasting. The blasting although done with due care and skill caused damage. The damage, therefore, arose out of the proper performance of the District's duties. We think, therefore, the complaint was founded on the constitutional liability of the District. The District alone is responsible for the damages covered in the

constitutional provision. *Maezes v. City of Chicago; Euwema Co. v. McKay Eng. & Constr. Co.; Nelson v. McKinzie-Hague Co.,* 192 Minn. 180; *DeBaker v. Southern Cal. Ry. Co.,* 106 Cal. 257.

There is no contention that the Sanitary District has authority to indemnify itself, or that the people in the district who have paid these judgments may indemnify themselves through the District, against the payments by means of a bond furnished by a corporate surety.

For the reasons given the judgment of the Circuit Court is reversed and the cause is remanded with directions to enter judgment against plaintiff for defendant's costs.

*Reversed and remanded with directions.*

BURKE, P. J. and LUPE, J., concur.